IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                      **CRIMINAL NO. 2:17-CR-23-KS-MTP**

**MITCHELL JONES**

### ORDER

On March 29, 2018, Defendant plead guilty to possession of 50 grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On June 12, 2019, the Court sentenced him to 280 months of imprisonment followed by eight years of supervised release. On April 27, 2020 – after serving less than a tenth of his sentence – Defendant filed a Motion for Compassionate Release [280] pursuant to 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic. The Government opposes the motion.

Under 18 U.S.C. § 3582, the Court may reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A). Defendant has the burden of demonstrating that he meets the requirements for compassionate release. *United States v. Whirl*, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020).

1

The Sentencing Commission's guidelines provide, in relevant part, that the Court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13. The Sentencing Commission's application notes provide that an "extraordinary and compelling reason" exists if "[t]he defendant is suffering from a terminal illness . . . ." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(i). Likewise, the standard is met if:

> The defendant is
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious function or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(ii). The notes also provide that certain circumstances related to the defendant's age and family circumstances can meet the standard. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(B)-(C).

Defendant is currently incarcerated in Oakdale FCI in Oakdale, Louisiana. He

alleges that as of June 16, 2020, at least 22 inmates and 10 staff at the facility had been diagnosed with COVID-19. He argues that he is at high-risk of illness or death from COVID-19 because he suffers from hypertension and severe chronic kidney disease. He also argues that he is unable to effectively avoid exposure to the virus because of the conditions of confinement in the facility. He contends that there is no way to make a correctional facility safe, and that he should be immediately released from custody. Finally, Defendant argues that he would not be a danger to the safety of any other person or the community if released.

First, the Court finds that Defendant has not demonstrated that there is an "extraordinary and compelling" reason to reduce his term of imprisonment. Defendant's hypertension and kidney problems are not "serious physical or medical condition[s] . . . that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correction facility and from which he or she is not expected to recover." *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A). Courts in this Circuit have found that defendants who are not suffering from a terminal illness, serious physical or medical condition that diminishes their ability to care for themselves, serious functional or cognitive impairment, or deteriorating physical or mental health because of aging do not meet the standard imposed by the Sentencing Commission's policy statements. *See, e.g. United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *United States v. Washington*, 2020 WL 4000862, at *5 (E.D. La. July 15, 2020); *United States v. Clark*, 2020 WL 1557397, at

3

\*4 (M.D. La. Apr. 1, 2020); *United States v. Vasquez*, 2020 WL 3000709, at \*3 (S.D. Tex. June 2, 2020); *United States v. Johnson*, 2020 WL 3962284, at \*3 (S.D. Tex. July 13, 2020); *United States v. Dodd*, 2020 WL 3893695, at \*4 (E.D. Tex. July 10, 2020); *United States v. Reeves*, 2020 WL 3895282, at \*3 (N.D. Tex. July 10, 2020); *Whirl*, 2020 WL 3883656 at \*3. As this Court has stated, "[p]reexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence." *United States v. McLin*, 2020 WL 3803919, at \*3 (S.D. Miss. July 7, 2020).

Moreover, "general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . ." *Takewell*, 2020 WL 404360 at \*4. "[T]he mere existence of COVID-19 in society" and, consequently, the prison system "cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (citing BOP's COVID-19 Action Plan).

The Court also finds that Defendant has not demonstrated that he would not be a danger to the safety of any other person or to the community if released. According to Defendant's presentence report [259], he was a member of a drug trafficking organization responsible for distributing large quantities of methamphetamine in Hattiesburg and Laurel, Mississippi. The organization used

4

Defendant's residence in Soso, Mississippi as a stash house, and investigators observed Defendant personally deliver packages of methamphetamine to buyers. Investigators also intercepted messages in which Defendant's coconspirators talked about how he liked to "pull guns," and at least two of Defendant's coconspirators possessed firearms during commission of the subject offenses. Defendant and his coconspirators were collectively responsible for distributing at least forty pounds of methamphetamine from April 2017 to June 2017.

Defendant also has an extensive criminal history, including three separate convictions for driving under the influence, two other convictions for possession of a controlled substance, and one conviction for domestic violence. Sheriff's deputies also responded to a call from Defendant's residence in September 2017, and his girlfriend claimed that he had fled into the woods with a shotgun after throwing items around the home and threatening to shoot any law enforcement officer that entered the property. No criminal charges were filed after this incident.

In summary, the Court certainly takes the COVID-19 pandemic seriously, but it "cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *United States v. Koons*, 2020 WL 1940570, at \*4 (W.D. La. Apr. 21, 2020). As noted above, "[g]eneral concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." *Id.* at \*5. For all the reasons provided above, the Court **denies**

5

Defendant's Motion for Compassionate Release [280].

SO ORDERED AND ADJUDGED this 20th day of July, 2020.

                                                       /s/     Keith Starrett
                                                                  KEITH STARRETT
                                      UNITED STATES DISTRICT JUDGE