IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.  **CRIMINAL NO. 2:17-CR-23-KS-MTP**

**MITCHELL JONES**

### ORDER

On June 11, 2020, Defendant Mitchell Jones filed a Motion [289] asking that the Court appoint counsel to represent him on appeal. Defendant's motion appears to be moot because the Court of Appeals dismissed his appeal on August 8, 2019. Therefore, the Court **denies** his Motion [289] for appointment of counsel to represent him on appeal.

On July 27 and September 14, 2020, Defendant Mitchell Jones filed Motions [296] [301] [302] asking that the Court provide him with copies of the transcripts of his proceedings to use in support of a motion to vacate his sentence under 28 U.S.C. § 2255. On July 27 and September 25, 2020, he filed Motions [297] [303] for the Court to appoint counsel to file a motion to vacate under 28 U.S.C. § 2255 on his behalf, and for an extension of time in which to file such motion.

There is no constitutional right to appointed counsel for a § 2255 proceeding. *Ford v. United States*, 363 F.2d 437, 437-38 (5th Cir. 1966). However, 18 U.S.C. § 3006A requires that indigent defendants "for whom counsel is appointed . . . be represented at every stage of the proceedings from his initial appearance . . . through

appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). The Court may appoint counsel for "any financially eligible person . . . seeking relief under section . . . 2255 of title 28" where "the interests of justice so require." 28 U.S.C. § 3006A(a)(2)(B).

"Whether to appoint counsel to represent a defendant in a § 2255 proceeding is committed to the sound discretion of the district court." *United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994). "The district court has discretion to appoint counsel if it determines that (1) the litigant's claims meet a threshold level of plausibility, (2) the claims 'will not receive a meaningful hearing without counsel (i.e. exceptional circumstances exist),' and (3) 'all other options for making an appointment have failed.'" *United States v. Kiel*, 2018 WL 9669919, at *2 (S.D. Miss. Aug. 16, 2018) (quoting *Naranjo v. Thompson*, 809 F.3d 793, 803 (5th Cir. 2015)). To determine whether the case presents exceptional circumstances, the Court considers the following factors:

> 1. The type and complexity of the case; 2. The petitioner's ability to present and investigate his case; 3. The presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and 4. The likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the [proceedings] and assisting in just determination.

*Id.* (quoting *Naranjo*, 809 F.3d at 799).

The Court finds that Defendant Mitchell Jones has not articulated any grounds for relief to form the basis for a § 2255 motion, and, therefore, his claims do not meet

a threshold level of plausibility. Moreover, he has not demonstrated to the Court that exceptional circumstances exist which warrant the appointment of counsel. Accordingly, the Court **denies** his Motions [297] [303] for appointment of counsel. *See Nichols*, 30 F.3d at 36 (district court did not abuse discretion where petitioner articulated no basis for § 2255 motion, but merely alleged that "the interest of justice" required appointment of counsel).

As for the time to file a motion to vacate, the statute establishes a "1-year period of limitation," running from the latest of four dates. 28 U.S.C. § 2255(f). The only one applicable here is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "For the purpose of starting the clock on § 2255's one-year limitation period . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003). The Court of Appeals dismissed Defendant's appeal on August 8, 2019 [268]. Defendant had ninety days to file a petition for a writ of certiorari with the United States Supreme Court, or until November 6, 2019. SUP. CT. R. 13. Therefore, Defendant's time period to file a motion under § 2255 does not expire until November 6, 2020, and the Court denies his requests for extensions as **moot**.

As for Defendant's request for transcripts at the Government's expense, the relevant statute provides that "[f]ees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma

3

pauperis shall be paid by the United States . . . if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Defendant has not articulated any issue, and the Court does not know the basis of his erstwhile § 2255 motion. Therefore, the Court cannot certify that his appeal is not frivolous. Accordingly, the Court **denies** Defendant's Motions [296, 301, 302] for transcripts at the Government's expense.

In summary:

- The Court **denies** Defendant's Motion [289] for appointment of counsel to represent him on appeal as moot;

- The Court **denies** Defendant's Motions [297] [303] for appointment of counsel to pursue a § 2255 motion;

- The Court **denies** Defendant's requests for an extension of time to file a § 2255 motion as moot; and

- The Court **denies** Defendant's Motions [296, 301, 302] for transcripts at the Government's expense.

SO ORDERED AND ADJUDGED this 5th day of October, 2020.

/s/    Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE